# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 9, 2000 Session

# TANYA TUCKER, ET AL. v. CAPITOL RECORDS, INC.

### Appeal from the Chancery Court for Davidson County
### No. 98-2449-I    Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2000-01765-COA-R3-CV - Filed September 6, 2001

---

PATRICIA J. COTTRELL, J., concurring

I concur in the majority's conclusion that Tenn. R. App. P. 54.02 does not provide this court with jurisdiction in this case for the reasons set out in the majority opinion. I would, however, treat this appeal as an interlocutory appeal under Tenn. R. App. P. 9. *Bayberry* would allow us to waive the finality requirement of Tenn. R. App. P. 3(a) if we found good reason to suspend that requirement.

In my opinion, good reason exists because our ruling on the partial summary judgments entered by the trial court would "prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed." Tenn. R. App. P. 9(a)(2).

Partial summary judgment is a valuable and effective tool for narrowing issues for trial, thereby reducing the expense, duration, and complexity of the trial itself. If, however, a pre-trial grant of partial summary judgment is later reversed, the consequence of reversal after trial may be another trial. Two trials and three appeals do not result in a net reduction of the duration and expense of the litigation. That is the purpose of interlocutory appeal under Tenn. R. App. P. 9(a)(2).

The trial court's determination on summary judgment with regard to interpretation of the "play or pay" clause is a question of law which has been briefed and argued before us. We can decide that issue on the record that we have. I think we should do so and reverse the trial court's judgment on that issue. If the contract was still in effect, Capitol was obligated to either "play" Ms. Tucker or "pay" her. We cannot interpret the contract as giving the company the right to refuse to record her and refuse to allow her to record for anyone else for two years for $16,187.59. The company incurred no "actual recording costs" for production of the fourth master because it was not produced or delivered. The costs of producing the third master have already been subtracted from

the payment due for the fourth master, leaving a balance of zero owed for the fourth master not produced or delivered. Both parties agree that no payment was due for the fourth LP master because the recording costs of the third LP exceeded $275,000, and the trial court so found. The approved recording fund for the fifth master was $300,000. Because there were no recording costs for the fourth master, we cannot interpret the "play or pay" provision as allowing the company to reduce its payment to the artist by recording costs it has already deducted from payment in lieu of the fourth master. If the company notified Ms. Tucker not to deliver the fourth and fifth masters and if the contract was still in effect, the company is obligated to pay her $300,000.

As the majority has pointed out, the crucial issue in this case is whether the contract was still in effect, an issue left to be tried. Because the viability of the intentional interference claim and the bad faith claim rest, in part, on the answer to the question of whether the contract was in existence, I would also reverse the trial court's dismissal of these claims so that the issues can be tried along with other remaining issues, thereby reducing the likelihood of reversal and remand for a new trial after appeal.

The trial court certified its orders as final under Tenn. R. Civ. P. 54.02. That action indicates the trial court's agreement that the orders are appealable, a prerequisite of Tenn. R. App. P. 9(b). Thus, our decision to treat this as an interlocutory appeal would not infringe upon the trial court's prerogatives.

I share the majority's concern that Tenn. R. Civ. P. 54.02 should not be used as a "fast-track" alternative to Tenn. R. App. P. 9 or to bypass this court's discretion to grant interlocutory appeal. I would, however, exercise that discretion to grant review and resolve the issues which the trial court has determined should be resolved by us at this point. That would, in my opinion, serve the interests of the litigants and the goals of judicial economy.

_____
PATRICIA J. COTTRELL, JUDGE